UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MILRO SERVICES, INC.,

                  Plaintiff,                                **07 CV 11377**

                -against-

                                                           **ANSWER**

ELIZABETH ARDEN SPAS LLC d/b/a
RED DOOR SPAS,

                  Defendants.
-----------------------------------------------------------

      Defendant, Elizabeth Arden Spas LLC erroneously sued herein as Elizabeth Arden Spas LLC d/b/a Red Door Spas (hereinafter defendant or "Elizabeth Arden Spas") by its attorneys Melito & Adolfsen P.C., as and for its Answer to Plaintiff's Complaint states as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint, except admits that Elizabeth Arden Spas disputes the amount plaintiff seeks to recover in this action.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

      3.     Denies the truth of the allegations contained in paragraph "3" of the Complaint, except admits that Elizabeth Arden Spas is a Limited Liability Company formed under the Laws of the State of Delaware, the sole member of which is Elizabeth Arden-Salon Holdings, Inc., a Delaware corporation whose principal place of business is in Arizona, and that Elizabeth Arden Spas owns all of the shares of stock of Red Door Salons, Inc., an Arizona corporation which owns and operates a salon and spa at 691 Fifth Avenue, New York, N.Y., and other locations in the United States.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint, except admits that Elizabeth Arden Spas is not a citizen of New York under 28 U.S.C. section 1332.

5. Denies the truth of the allegations contained in paragraph "5" of the Complaint, except admits that plaintiff performed services at the request of defendant in the judicial district.

6. Denies the truth of the allegations contained in paragraph "6" of the Complaint and refers all questions of law to the Court.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Denies the truth of the allegations contained in paragraph "8" of the Complaint, except admits that Elizabeth Arden Spa owns Red Door Salon, Inc. as described more fully in paragraph "3" of this answer.

9. Denies the truth of the allegations contained in paragraph "9" of the Complaint, except admits that Elizabeth Arden Spa owns Red Door Salon, Inc. as described more fully in paragraph "3" of this answer.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint, except admits the premises of Elizabeth Arden Spas were damaged.

11. Denies the truth of the allegations contained in paragraph "11" of the Complaint, except admits that and Elizabeth Arden Spas hired Milro to provide cleanup services at the premises located at 691 Fifth Avenue, New York, New York.

12. Denies the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies the truth of the allegations contained in paragraph "13" of the Complaint except admits that Richard Bloom executed the document attached to the complaint authorizing "Custard Insurance" to pay Milro.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint except admits that an invoice was submitted reflecting the amount of three hundred thirty two thousand five hundred and fifty one dollars ($332,551).

16. Denies the truth of the allegations contained in paragraph "24" of the Complaint, except admits that Milro has provided work, labor and services for which Elizabeth Arden Spas paid Milro two hundred eight thousand dollars ($208,000)

17. Denies the truth of the allegations contained in paragraph "17" of the Complaint.

## COUNT I

### Breach of Agreement

18. Elizabeth Arden Spas repeats and reiterates each and every paragraph previously set forth herein as if more fully set forth herein at length.

19. Denies the truth of the allegations contained in paragraph "19" of the Complaint, except admits that and Elizabeth Arden Spas hired Milro to provide cleanup services premises located at 691 Fifth Avenue, New York, New York.

20. Denies the truth of the allegations contained in paragraph "20" of the Complaint.

21. Denies the truth of the allegations contained in paragraph "21" of the Complaint.

3

22.     Denies the truth of the allegations contained in paragraph "22" of the Complaint and refers all questions of law to this Honorable Court.

## COUNT II

### Unjust Enrichment (in the alternative to Count I)

23.     Elizabeth Arden Spas repeats and reiterates each and every paragraph previously set forth herein as if more fully set forth herein at length.

24.     Denies the truth of the allegations contained in paragraph "24" of the Complaint, except admits that Milro has provided work, labor and services for which Elizabeth Arden Spas paid Milro two hundred eight thousand dollars ($208,000).

25.     Denies the truth of the allegations contained in paragraph "25" of the Complaint except admits that Elizabeth Arden Spas expected to pay Milro for its services.

26.     Denies the truth of the allegations contained in paragraph "26" of the Complaint.

27.     Denies the truth of the allegations contained in paragraph "27" of the Complaint and refers all questions of law to this Honorable Court.

28.     Denies the truth of the allegations contained in paragraph "28" of the Complaint and refers all questions of law to the Court.

## COUNT III

### Account Stated

29.     Elizabeth Arden Spas repeats and reiterates each and every paragraph previously set forth herein as if more fully set forth herein at length.

30.     Denies the truth of the allegations contained in paragraph "30" of the Complaint, except admits that Elizabeth Arden Spas has received an invoice issued by Milro.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

32. Denies the truth of the allegations contained in paragraph "32" of the Complaint.

33. Denies the truth of the allegations contained in paragraph "33" of the Complaint.

34. Denies the truth of the allegations contained in paragraph "34" of the Complaint.

35. Denies the truth of the allegations contained in paragraph "35" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state of action upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Milro's claims against Elizabeth Arden Spas are barred by the lack of any contract or agreement specifying the terms of payment.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and unclean hands.

### FOURTH SEPARATE DEFENSE

To the extent plaintiff suffered any damages, which are denied, plaintiff failed to mitigate said damages.

### FIFTH SEPARATE DEFENSE

Any and all damages suffered by plaintiff are the results of the actions of a third party or parties over whom Elizabeth Arden Spas neither had any direction nor control.

### SIXTH SEPARATE DEFENSE

Any and all acts, complaints and alleged damages were the result of plaintiff's own actions or inactions.

## SEVENTH SEPARATE DEFENSE

Elizabeth Arden Spas neither committed nor failed to commit any act that caused damage to the plaintiff.

**WHEREFORE**, Elizabeth Arden Spas respectfully requests that the Court enter judgment dismissing plaintiff's Complaint in its entirety, awarding Elizabeth Arden Spas its fees and costs to the full extent authorized by law, and awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 6, 2008

Yours, etc.,

By: _____
Louis G. Adolfsen, Esq. (LGA-5431)
Eleftherios Kravaris, Esq. (EK - 4579)
MELITO & ADOLFSEN P.C.
Attorneys for Defendant
233 Broadway - 28th Floor
New York, New York 10279
Tel. (212) 238-8900
Fax. (212) 238-8999
lga@melitoadolfsen.com
tk@melitoadolfsen.com

TO: Francis C. Fineo, Esq. (FCF-8573)
**STEINBERG, FINEO, BERGER & FISCHOFF, P.C.**
*Attorney for Plaintiff*
40 Crossways Park Drive
Woodbury, New York 11797
(516) 747-1136
ffineo@sfbblaw.com

M&A/63594

## CERTIFICATE OF SERVICE

I certify that the within Answer was served upon all counsel of record within the time prescribed by the Federal Rules of Civil Procedure by First Class mail.

Dated: March 6, 2008

By: *[signature]*
Louis G. Adolfsen, Esq. (LGA-5431)
Eleftherios Kravaris (EK - 4579)
MELITO & ADOLFSEN P.C.
Attorneys for Defendant
233 Broadway - 28th Floor
New York, New York  10279
Tel. (212) 238-8900
Fax. (212) 238-8999
lga@melitoadolfsen.com
tk@melitoadolfsen.com

TO: Francis C. Fineo, (FCF-8573)
**STEINBERG, FINEO, BERGER & FISCHOFF, P.C.**
*Attorney for Plaintiff*
40 Crossways Park Drive
Woodbury, New York 11797
(516) 747-1136
ffineo@sfbblaw.com

M&A/63594